KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
Christopher J. Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

-and-

RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Joseph L. Schwartz (*pro hac vice* admission pending)
Tara J. Schellhorn
Rachel F. Gillen (*pro hac vice* admission pending)
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey 07960
Telephone: (973) 538-0800
Facsimile: (973) 538-1984

Proposed Attorneys for the Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| TRANSMAR COMMODITY GROUP LTD.[1] | |
| Debtor. | Case No. 16-13625(JLG) |

**DEBTOR'S MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTOR TO (A) PREPARE A LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX AND (B) MAIL INITIAL NOTICES AND (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT <u>OF THE DEBTOR'S CHAPTER 11 CASE</u>**

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's taxpayer identification number is as follows: Transmar Commodity Group Ltd. (5889). The Debtor's principal office is located at 200 South Street, 4th Floor, Morristown, NJ 07960.

1

Transmar Commodity Group Ltd., the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby submits this motion (the "Motion") for entry of an order: (i) authorizing the Debtor to (a) prepare a list of creditors in lieu of submitting the mailing matrix required by Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and (b) mail initial notices through its proposed Claims and Noticing Agent (as defined herein); (ii) waiving the requirement of section 521(a)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that a Debtor file a list of creditors on the Petition Date; and (iii) approving the form and manner of notifying creditors of commencement of the Debtor's chapter 11 case (the "Notice of Commencement") attached hereto as Exhibit A. In support of this Motion, the Debtor submits the *Declaration of Robert J. Frezza in Support of Debtor's Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith, and respectfully states as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and of this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a) and 521(a)(1) of the Bankruptcy Code, Rule 1007 of the Bankruptcy Rules, and the applicable Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

2

## BACKGROUND

4. On December 31, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, commencing the above-referenced Chapter 11 case (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). Since the Petition Date, the Debtor has remained in possession of its assets and has continued management of its business as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. A detailed description of the Debtor's business and the facts precipitating the filing of the Debtor's Bankruptcy Case are set forth in the First Day Declaration. Those facts are incorporated herein by reference.

## RELIEF REQUESTED

6. By this Motion, the Debtor seeks entry of an order (a) authorizing the Debtor to prepare a list of creditors in lieu of submitting any required mailing matrix, (b) authorizing the Debtor to mail initial notices through its Claims and Noticing Agent (defined below), (c) waiving the requirement that the Debtor file a list of creditors on the Petition Date, and (d) approving the Notice of Commencement.

## BASIS FOR RELIEF

7. Pursuant to section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-1 (collectively, the "Notice Rules"), the Debtor is required to file a list of creditors containing the names and addresses of each such creditor (the "Creditor Matrix"), together with the Debtor's chapter 11 petition, unless the Debtor files its schedules of assets and liabilities required under section 521(b)(1) of the Bankruptcy Code (the "Schedules and Statements") simultaneously with the petition. Contemporaneously herewith, the Debtor filed

3

its *Motion for an Order Extending the Debtor's Time to File Schedules and Statements of Financial Affairs*.  Because the Debtor is unable to file its Schedules and Statements on the Petition Date it is, without further relief, required to file a list of creditors and their addresses.

### A. Cause Exists to Authorize the Debtor to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix

8.  The Local Bankruptcy Rules provide that "Debtor's counsel, at the time of filing the petition, shall . . . unless a claims and noticing agent has been retained by the debtor in accordance with Local Bankruptcy Rule 5075-1, upload the creditors' matrix into the CM/EFC creditors' database." L. R. Bankr. P. 1007-1(b)(1). Local Bankruptcy Rule 5075-1(b), in turn, provides that "[i]n a case in which the number of creditors and equity security holders, in the aggregate, is 250 or more, the estate shall retain, subject to approval of the Court, a claims and noticing agent in accordance with the Protocol for the Employment of Claims And Noticing Agents under 28 U.S.C. §156(c) . . . ." L. R. Bankr. P. 5075-1(b).

9.  Contemporaneously with the filing of this Motion, the Debtor filed its *Application for an Order Appointing Donlin Recano & Company, Inc. as Claims and Noticing Agent for the Debtor*, seeking to retain Donlin Recano & Company, Inc. ("Donlin Recano" or the "Claims and Noticing Agent"), as its claims and noticing agent in the Bankruptcy Case.[2]  If such application is granted, the Claims and Noticing Agent will, among other things, (a) assist with creating a creditor database from the Debtor's computer records and (b) complete the mailing of notices to the parties in such database.

---

[2] The request to retain the Claims and Noticing Agent is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties in interest so long as the costs of the services are paid for out of assets of the estate. See 28 U.S.C. § 156(c).

4

10. The Debtor, working together with the Claims and Noticing Agent, is preparing a list of the Debtor's creditors in electronic format. The Debtor is prepared to make that list available in electronic form to any party in interest who so requests (or in nonelectronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the clerk of the Court.

11. The Debtor also proposes that the Claims and Noticing Agent undertake all mailings directed by the Court, the United States Trustee for the Southern District of New York (the "U.S. Trustee"), or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including the Notice of Commencement. The Debtor believes that using the Claims and Noticing Agent for this purpose will maximize efficiency in administering the Bankruptcy Case and will ease administrative burdens that otherwise fall upon the Court and the U.S. Trustee.

12. There may be hundreds of parties entitled to notice, including vendors and suppliers, and many other parties-in-interest. Because the Debtor may not have received or entered into its financial system all pre-petition invoices, the Debtor's list of creditors and other parties to be included on its schedules may not be complete at this time and would not be accurate if filed with its petition.

13. Notwithstanding the foregoing, the current list of the Debtor's twenty (20) largest unsecured creditors is being filed simultaneously with its petition.

14. In light of the size and complexity of the Debtor's business operations, and the extent of the information necessary to prepare a mailing matrix, the Debtor submits that the proposed maintenance of an electronic list of creditors under the auspices of the Claims and Noticing Agent is consistent with applicable Local Rules.

15. Courts in this jurisdiction and others have approved relief similar to the relief requested in this Motion with respect to preparation of an electronic list of a debtor's creditors. See, e.g., In re Chassix Holdings, Inc., et al., 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); In re NII Holdings, Inc., 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 15, 2014); Nautilus Holdings Limited, 14-2288 (RDD) (Bankr. S.D.N.Y. June 23, 2014); In re LHI Liquidation Co. Inc., 13-14050 (MG) (Bankr. S.D.N.Y. Dec. 15, 2013); In re Sound Shore Medical Center of Westchester, 13-22840 (RDD) (Bankr. S.D.N.Y. May 29, 2013); In re Hawker Beechcraft, Inc., 12-11873 (SMB) (Bankr. S.D.N.Y. May 3, 2012); In re Grubb & Ellis Co., Case No. 12-10685 (MG) (Bankr. S.D.N.Y. Feb. 21, 2012); In re United Retail Grp., Case No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 2, 2012); In re Eastman Kodak Co., Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012); In re Sbarro, Inc., Case No. 11-11527 (SCC) (Bankr. S.D.N.Y. Apr. 5, 2011); In re MSR Resort Golf Course LLC, Case No. 11-10372 (SHL) (Bankr. S.D.N.Y. Feb. 3, 2011); In re Great Atl. & Pac. Tea Co., Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 14, 2010); In re Innkeepers USA Trust, Case No. 10-13800 (SCC) (Bankr. S.D.N.Y. July 20, 2010); In re NR Liquidation III Co. (f/k/a Neff Corp.), Case No. 10-12610 (SCC) (Bankr. S.D.N.Y. May 17, 2010).[3]

16. Finally, as Donlin Recano will assist in compiling the electronic list of the Debtor's creditors to furnish the Debtor's creditors with the Notice of Commencement and will handle all notices to be given to the creditors in this case, the filing of the Creditor Matrix with this Court pursuant to the Notice Rules serves no practical purpose. Accordingly, the Debtor submits that cause exists to authorize the Debtor to prepare a list of creditors in lieu of submitting a formatted mailing matrix.

---

[3] Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these orders are available upon request of the Debtor's proposed counsel.

**B.    Authority of the Claims and Noticing Agent to Mail Initial Notices**

17.    As stated above, the Debtor proposes that the Claims and Noticing Agent undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of the Bankruptcy Case. The Claims and Noticing Agent's assistance with the mailing and preparation of creditor lists and notices will ease administrative burdens that otherwise would fall upon the Court and the U.S. Trustee. With such assistance, the Debtor will be prepared to file a computer-readable consolidated list of creditors and also will be capable of undertaking all necessary mailings.

18.    In addition, the use of the Claims and Noticing Agent for these purposes is consistent with Rule 5075-1 of the Local Rules and with section 156(c) of the Bankruptcy Code, and should be approved to the extent that the use of a claims and noticing agent is required by this Court due to the size and complexity of this Bankruptcy Case.

**C.    Approval of Form and Manner of Notice of Commencement**

19.    Attached as **Exhibit A** hereto is a form of the proposed Notice of Commencement of this Bankruptcy Case to be sent to the Debtor's known creditors and other parties in interest. The proposed Notice of Commencement is based on and conforms with Official Bankruptcy Form B309F and would, therefore, provide all required information in connection with the commencement of this Bankruptcy Case. The Notice of Commencement would be sent by first class mail to those entities entitled to receive such notice pursuant to Bankruptcy Rule 2002(a) no later than five business days after the Debtor receives notice from the U.S. Trustee of the time and place of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Section 341 Meeting").

20. Accordingly, and because the proposed Notice of Commencement conforms with all applicable rules and practice, the Debtor hereby requests that Court approve the proposed Notice of Commencement for service by the Claims and Noticing Agent pursuant to all applicable Notice Rules as providing sufficient notice of the commencement of this Bankruptcy Case and the Section 341 Meeting.

## Notice

21. The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Debtor's twenty (20) largest unsecured creditors; and (c) all parties requesting notice herein. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

## No Prior Request

22. No prior request for the relief sought in this Motion has been made to this or any other court.

[remainder of page intentionally blank]

**WHEREFORE**, for all the foregoing reasons, the Debtor respectfully requests entry of an order, substantially in the form annexed hereto as **Exhibit B**, granting the Motion and such other further relief as the Court deems just and equitable.

Dated: New York, New York
January 3, 2017

        KLESTADT WINTERS JURELLER
        SOUTHARD & STEVENS, LLP

By: */s/ Tracy L. Klestadt*
    Tracy L. Klestadt
    Joseph C. Corneau
    Christopher J. Reilly
    200 West 41st Street, 17th Floor
    New York, New York 10036
    Tel: (212) 972-3000
    Fax: (212) 972-2245
    Email: tklestadt@klestadt.com
           jcorneau@klestadt.com
           creilly@klestadt.com

-and-

RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Joseph L. Schwartz
Tara J. Schellhorn
Rachel F. Gillen
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey 07960
Telephone: (973) 538-0800
Facsimile: (973) 538-1984

*Proposed Attorneys for the Debtor and Debtor-in-Possession*

9

# **EXHIBIT A**

**Notice of Commencement**

| Information to identify the case: | |
|---|---|
| Debtor: Transmar Commodity Group Ltd. | EIN: 1 3 -3025889 |
| United States Bankruptcy Court for the Southern District of New York | |
| Case Number: 16-13625(JLG) | Date case filed for chapter 11: 12/31/2016 MM/DD/YYYY |

Official Form 309F (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case                                                     12/15

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov) and free of charge from the Debtor's claims and noticing agent, Donlin Recano & Company at: www.donlinrecano.com/transmar

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | |
|---|---|
| 1. | **Debtor's full name** <br><br> Transmar Commodity Group Ltd. |
| 2. | **All other names used in the last 8 years** <br><br> FDBA Transmar Group, USA |
| 3. | **Address** <br><br> 200 South Street <br> 4th Floor <br> Morristown, NJ 07960 |
| 4. | **Debtor's attorney** <br> Name and Address <br><br> Tracy L. Klestadt, Esq., Joseph C. Corneau, Esq., Christopher J. Reilly, Esq. <br> KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP <br> 200 West 41st Street, 17th Floor <br> New York, NY 10036 <br><br> Joseph L. Schwartz, Esq., Tara J. Schellhorn, Esq., Rachel F. Gillen, Esq. <br> RIKER DANZIG SCHERER HYLAND & PERRETTI LLP <br> Headquarters Plaza, One Speedwell Avenue <br> Morristown, NJ 07960 |

Official Form 309F (For Corporations or Partnerships)    Notice of Chapter 11 Bankruptcy Case    page 1

| | | | | |
|---|---|---|---|---|
| 5. | **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | One Bowling Green<br>New York, New York 10004<br><br>Clerk of the Bankruptcy Court:<br>Vito Genna | Hours:<br><br>Telephone: | Monday – Friday 8:30 AM – 5:00 PM<br><br>(212) 668-2870 |
| 6. | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | February 28, 2017 at 2:30 p.m.<br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br>Office of the United States Trustee,<br>United States Bankruptcy Court, SDNY<br>One Bowling Green, Room 511, Fifth Floor<br>New York, NY 10004-1408 | |
| 7. | **Proof of claim deadline** | **Deadline for filing proof of claim:  Not yet set. If a deadline is set, the court will send you another notice.**<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br><br>• your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>• you file a proof of claim in a different amount; or<br>• you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | | |
| 8. | **Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee. | You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A) and Fed. R. Bankr. P. 4007. | | |
| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | | |
| 10. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. | | |
| 11. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. | | |

# EXHIBIT B

**Proposed Order**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
In re                                                         :
                                                              :   Chapter 11
                                                              :
TRANSMAR COMMODITY GROUP LTD.¹                                :
                                                              :   Case No. 16-13625(JLG)
         Debtor.                                              :
                                                              :
                                                              :
                                                              :
------------------------------------------------------------- x
```

**ORDER (I) AUTHORIZING THE DEBTOR TO (A) PREPARE A LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX, (B) MAIL INITIAL NOTICES, AND (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE DEBTOR'S CHAPTER 11 CASE**

**UPON** the motion (the "Motion")² of Transmar Commodity Group Ltd., the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order (i) authorizing the Debtor to (a) prepare a list of the Debtor's creditors in lieu of submitting any required mailing matrix or matrices, and (b) mail initial notices through its Claims and Noticing Agent, and (ii) approving the form and manner of notifying creditors of commencement of the Debtor's chapter 11 case, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding under 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefor;

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's taxpayer identification number is as follows: Transmar Commodity Group Ltd. (5889). The Debtor's principal office is located at 200 South Street, 4th Floor, Morristown, NJ 07960.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The requirement that the Debtor file a list of creditors with the Court on the Petition Date pursuant to the Notice Rules is hereby waived.

3. In lieu of submitting a formatted mailing matrix, the Debtor shall make available a list of all of the Debtor's creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

4. The Notice of Commencement of the Bankruptcy Case, substantially in the form attached to the Motion as <u>Exhibit A,</u> is hereby approved.

5. The Debtor, with the assistance of the Claims and Noticing Agent, is authorized to undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of the Bankruptcy Case, and any other correspondence that the Debtor may wish to send to creditors.

6. The Claims and Noticing Agent is authorized and directed to serve the Notice of Commencement no later than five business days after the Debtor receives written notice from the U.S. Trustee of the time and place of the Section 341 Meeting. The Claims and Noticing Agent shall serve the Notice of Commencement by regular mail, postage prepaid, on those entities entitled to receive the Notice of Commencement pursuant to Bankruptcy Rule 2002(a). Service of the Notice of Commencement in accordance with this paragraph is approved in all respects and is deemed sufficient notice to all parties in interest of the commencement of this Bankruptcy Case and the Section 341 Meeting under the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
_____, 2017

_____
UNITED STATES BANKRUPTCY JUDGE