KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

-and-

RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Joseph L. Schwartz (admitted *pro hac vice*)
Tara J. Schellhorn
Rachel F. Gillen (admitted *pro hac vice*)
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey 07960
Telephone: (973) 538-0800
Facsimile: (973) 538-1984

Proposed Attorneys for the Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x
                     :
In re                 :    Chapter 11
                     :
TRANSMAR COMMODITY GROUP LTD.[1] :
                     :
          Debtor.       :    Case No. 16-13625(JLG)
                     :
                     :
                     :
--------------------------------------------------------------- x

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's taxpayer identification number is as follows: Transmar Commodity Group Ltd. (5889). The Debtor's principal office is located at 200 South Street, 4th Floor, Morristown, NJ 07960.

**NOTICE OF HEARING ON DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION AND CONSENT ORDER BETWEEN THE DEBTOR AND HERSHEY TRADING GmbH PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AND FOR RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the *Debtor's Motion for Entry of an Order Approving Stipulation and Consent Order between the Debtor and Hershey Trading GmbH Pursuant to Federal Rule of Bankruptcy Procedure 9019 and for Related Relief* (the "Motion") shall be held on **May 11, 2017, at 10:00 a.m. (EST)** before the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, in Courtroom 601 at the United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with two hard copies delivered directly to Chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **May 4, 2017 at 4:00 p.m.** (prevailing Eastern Time) (the "Objection Deadline"),by (a) counsel for Transmar Commodity Group, Ltd., Riker Danzig Scherer Hyland & Perretti LLP, Headquarters Plaza, One Speedwell Avenue, Morristown, New Jersey 07960 Attn: Joseph L. Schwartz; (b) local counsel for Transmar Commodity Group, Ltd., Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York  10036-7203, Attn.: Tracy L. Klestadt; (c) counsel to ABN AMRO Capital USA LLC, administrative agent and collateral agent under that certain Amended and Restated Credit Agreement, dated as of February 26, 2016, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn.: Andrew P. DeNatale; (d) counsel for the Official Committee of Unsecured Creditors, Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018, Attn.: Rocco Cavaliere, (e) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Serene Nakano; and (f) all parties filing a notice of appearance herein.

**PLEASE TAKE FURTHER NOTICE** that copies of the above-referenced Motion is available on the Bankruptcy Court's official website www.nysb.uscourts.gov for registered users of the Bankruptcy Court's case filing system, or free-of charge from the Debtor's bankruptcy website, http://www.donlinrecano.com/transmar.

Dated:   New York, New York
         April 18, 2017

                                   KLESTADT WINTERS JURELLER
                                   SOUTHARD & STEVENS, LLP


By:   */s/ Tracy L. Klestadt*
        Tracy L. Klestadt
        Joseph C. Corneau
        200 West 41st Street, 17th Floor
        New York, New York 10036
        Tel: (212) 972-3000
        Fax: (212) 972-2245
        Email: tklestadt@klestadt.com
                jcorneau@klestadt.com

                -and-

        RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
        Joseph L. Schwartz (admitted *pro hac vice*)
        Tara J. Schellhorn
        Rachel F. Gillen (admitted *pro hac vice*)
        Headquarters Plaza, One Speedwell Avenue
        Morristown, New Jersey 07960
        Telephone: (973) 538-0800
        Facsimile: (973) 538-1984

        *Attorneys for the Debtor and*
        *Debtor-in-Possession*

KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

-and-

RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Joseph L. Schwartz (admitted *pro hac vice*)
Tara J. Schellhorn
Rachel F. Gillen (admitted *pro hac vice*)
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey 07960
Telephone: (973) 538-0800
Facsimile: (973) 538-1984

Attorneys for the Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
In re                                                          :     Chapter 11
                                                               :
TRANSMAR COMMODITY GROUP LTD.[1]                               :
                                                               :
          Debtor.                                              :     Case No. 16-13625 (JLG)
                                                               :
                                                               :
                                                               :
                                                               :
-------------------------------------------------------------- X

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION AND CONSENT ORDER BETWEEN THE DEBTOR AND HERSHEY TRADING GmbH PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AND FOR RELATED RELIEF

Transmar Commodity Group Ltd., the above-captioned debtor and debtor-in-possession

(the "Debtor"), hereby submits this motion (the "Motion") authorizing and approving the

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's taxpayer identification number is as follows: Transmar Commodity Group Ltd. (5889). The Debtor's principal office is located at 200 South Street, 4th Floor, Morristown, NJ 07960.

Debtor's entry into a proposed Stipulation and Consent order, attached hereto as **Exhibit A** (the "Stipulation and Consent Order"), with Hershey Trading, GmbH ("Hershey"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and for related relief. In support of this Motion, the Debtor respectfully states as follows:

## BACKGROUND

1. On December 31, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, commencing the above-referenced Chapter 11 case (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. Since the Petition Date, the Debtor has remained in possession of its assets and has continued management of its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On January 18, 2017, an official committee of unsecured creditors was appointed in the Bankruptcy Case (the "Official Creditors' Committee") [Doc. No. 68]. No trustee or examiner has been appointed in the Bankruptcy Case.

4. The Debtor is winding down its business operations and liquidating its assets in the Bankruptcy Case.

5. A detailed description of the Debtor's business and the facts precipitating the filing of the Debtor's Bankruptcy Case are set forth in and the *Declaration of Robert J. Frezza in Support of Debtor's Chapter 11 Petition and First Day Motions* [Docket No. 4] (the "First Day Declaration"). Those facts are incorporated herein by reference.

## JURISDICTION, VENUE AND STATUTORY PREDICATE

6.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8.     The statutory predicates for the relief sought herein are sections 362, 365 and 553 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code") and Rule 9019 of the Bankruptcy Rules.

## FACTUAL BACKGROUND

9.     Prior to the Petition Date, the Debtor and Hershey regularly entered into certain contracts, including forward sale contracts, in the normal course of business pursuant to which the Debtor agreed to sell, and Hershey agreed to purchase, cocoa butter and other cocoa products in certain quantities.

10.     As of the Petition Date, a number of these contracts existed for which substantial performance on both sides remained.  A list of those pending contracts (the "Sale Contracts") is set forth on Exhibit 1 to the Stipulation and Order.

11.     At present, Hershey owes the Debtor the sum of $1,376,083.59 for product that was previously delivered by the Debtor to Hershey and which has been invoiced (the "Accounts Receivable"), while Hershey has a prepetition claim against the Debtor in the amount of $40,440.00 (the "Claim"), for which Hershey asserts a right of setoff against the Accounts Receivable.

12.     Given the fact that the Debtor is winding down its business operations, the parties engaged in negotiations concerning the Sale Contracts, the Accounts Receivable and the

Claim, which recently resulted in the parties' agreement to enter into the Stipulation and Consent Order, subject to Court approval.

13. The salient terms[2] of the Stipulation and Consent Order are as follows:

a) To the extent not already paid, Hershey shall pay the Debtor the full amount of the Accounts Receivable less the Setoff Amount (as defined below), *i.e.*, $1,356,083.59, promptly following but not later than seven (7) days of entry of the Stipulation and Consent Order.

b) Hershey shall be granted relief from the automatic stay set forth in section 362 of the Bankruptcy Code to effect a prepetition setoff in the amount of $20,000 (the "Setoff Amount") against the Accounts Receivable. All of the Sale Contracts shall be deemed rejected and terminated as of the date the Stipulation and Consent Order becomes effective, and, other than the obligations of Hershey to make the payments to the Debtor as set forth in the Stipulation and Consent Order, neither Party shall have any remaining obligations under the Sale Contracts.

c) Except for the obligations set forth in the Stipulation and Consent Order, Hershey and the Debtor shall exchange mutual general releases.

## RELIEF REQUESTED AND BASIS THEREFOR

14. Through this Motion, the Debtor seeks an order approving the Stipulation and Consent Order pursuant to Bankruptcy Rule 9019, and for related relief, as set forth herein.

## I.    Approval of the Stipulation and Consent Order Pursuant to Bankruptcy Rule 9019.

15. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In ruling on a motion pursuant to Bankruptcy Rule 9019(a), the court must find that the proposed settlement is fair and equitable and is in the best interests of the estate. See Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968); Fischer v. Pereira (In re 47-49 Charles Street, Inc.), 209 B.R. 618, 620 (S.D.N.Y. 1997); In re

---

[2] To the extent there are any inconsistencies between this summary and the Stipulation and Consent Order, the Stipulation and Consent Order shall control.

Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd 17 F.3d 600 (2d Cir. 1994); In re Fugazy, 150 B.R. 103 (Bankr. S.D.N.Y. 1993).

16.     In order to reach such a decision, a bankruptcy court must be apprised "of all facts necessary for an intelligent and objective opinion" of whether the creditor's claim will be successful, the likely expense, length and the degree of complexity of the litigation, the potential difficulties of collecting on a judgment "and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." TMT Trailer Ferry, 390 U.S. at 424.

17.     To constitute a fair and equitable compromise or settlement, the bankruptcy court must find that the settlement does not "fall below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co)., 699 F.2d 599, 608 (2d Cir. 1983); In re Drexel Burnham Lambert Group, Inc., 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992).

18.     The bankruptcy court should also consider the fair and reasonable course of action for the debtor's estate, with the limited available assets, giving consideration to the interests of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. In re Del Grosso, 106 B.R. 165, 167-168 (Bankr. N.D. Ill. 1989); see also In re Culmtech, Ltd., 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990); In re Lawrence & Erausguin, Inc., 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990); In re Bell & Beckwith, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988).

19.     The bankruptcy court is not required to determine conclusively the merits of a claim subject to compromise or to find that a proposed settlement constitutes the best results obtainable to ensure that the settlement meets the reasonableness threshold.  Instead, the Court should "canvass the issues" to determine whether the proposed settlement is fair and equitable, is

in the best interests of the estate and otherwise does not fall outside the range of reasonableness. In re Apex Oil Co., 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988).

20.     Here, the Debtor considered several factors in determining that entering into the Stipulation and Consent Order is in the best interests of the Debtor's estate.

21.     First, the Stipulation and Consent Order was reached through good faith, arms' length negotiations, during which time the Debtor and Hershey were each represented by experienced counsel. As a result, both parties were fully informed and advised with respect to the business and legal implications of the settlement embodied by the Stipulation and Consent Order.

22.     Second, the Debtor and Hershey owe outstanding amounts to one another – Hershey has a prepetition claim against the Debtor in the amount of $40,440.00, while the Debtor is owed a total of $1,376,083.59 from Hershey.  Pursuant to the Stipulation and Consent Order, the parties have settled these outstanding claims with Hershey to receive a $20,000 setoff, thereby avoiding the need for any litigation.

23.     Third, despite the fact that the Debtor will be rejecting and terminating all of its contracts with Hershey, the proposed settlement also provides the Debtor and the estate with a general release of claims, further benefiting the estate.[3]

24.     Based upon the foregoing, the Debtor respectfully submits that the settlement embodied by the Stipulation and Consent Order is fair and equitable and is in the best interests of the Debtor's estate.

**II.     Rejection and Termination of the Hershey Sale Contracts.**

25.     Pursuant to the proposed settlement, the Debtor and Hershey have agreed that the

---

[3] Importantly, none of the Hershey Sale Contracts shall be included in the motion that the Debtor anticipates filing shortly seeking authority to sell/assign forward contracts to third parties.

Debtor will reject and terminate the Sale Contracts.[4]

26.     Section 365 of the Bankruptcy Code permits a debtor to assume or reject any pre-petition executory contract or unexpired lease.  See 11 U.S.C. 365(a); Cinicola v. Scharffenberger, 248 F.3d 110, 119 (3d Cir. 2001) (stating that section 365 allows the debtor in possession to "'maximize the value of the debtor's estate by assuming executory contracts [or unexpired leases] that benefit the estate and rejecting those that do not.'") (quoting L.R.S.C. Co. v. Rickel Home Ctrs., Inc., (In re Rickel Home Ctrs., Inc.), 209 F.3d 291, 298 (3d Cir. 2000)); see also In re Leslie Fay Companies, Inc., 168 B.R. 294, 300 (Bankr. S.D.N.Y. 1994).

27.     The decision to assume or reject an executory contract is a matter within the "business judgment" of the debtor.  See Orion Pictures Corp. v. Showtime Networks, Inc., 4 F.3d 1095, 1099 (2d Cir. 1993); Control Data Corp. v. Zelman (In re Minges), 602 F.2d 38 (2d Cir. 1979); In re Stable Mews Assocs., Inc., 41 B.R. 594 (Bankr. S.D.N.Y. 1984); In re Pinnacle Brands, Inc., 259 B.R. 46, 53–54 (Bankr. D. Del. 2001) ("The Debtor's decision to assume or reject an executory contract is based upon its business judgment.") (citation omitted).

28.     The business judgment rule shields a debtor's management from judicial second-guessing.  See In re Johns-Manville Corp., 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("a presumption of reasonableness attaches to a debtor's management decisions.").  Once a debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.), 147 B.R. 650, 656 (S.D.N.Y. 1992) (internal citations omitted).

---

[4] As part of the proposed settlement, the Debtor and Hershey have agreed, subject to approval of the Court, to provide mutual releases.  As a result, Hershey would be waiving any rejection damage claim.

29.     The "business judgment" test is not an unduly strict standard; it merely requires showing that either assumption or rejection of an executory contract or unexpired lease will benefit the debtor's estate.  See, e.g., Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.")

30.     When applying the "business judgment" rule, courts show great deference to the debtor's decision-making.  See In re Crystalin, L.L.C., 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003) (finding that the court need not "place itself in the position of the trustee or debtor-in-possession") (omitting citations); see also Summit Land Co. v. Allen (In re Summit Land Co.), 13 B.R. 310, 315 (Bankr. D. Utah 1981) ("[C]ourt approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course.")

31.     The Debtor does not have the ability to fulfill the Sale Contracts and does not expect to in the future.  As a result, the Debtor has exercised its business judgment and has determined that the rejection of the Sale Contracts is in the best interest of its estate, creditors, and all parties in interest, and requests that its decision be approved.

III.    **Hershey Should Be Granted Relief from the Automatic Stay to Effectuate a Setoff Pursuant to 11 U.S.C. § 362.**

32.     Finally, the Debtor requests that Hershey be permitted relief from the automatic stay to exercise its setoff right pursuant to sections 362 and 553 of the Bankruptcy Code.  Section 553 of the Bankruptcy Code preserves any rights of setoff that may exist between a creditor and debtor.  See Citizens Bank of Maryland v. Strupf, 516 U.S. 16, 18 (1995) (holding that 11 U.S.C. §553(a) "provides that, with certain exceptions, whatever right of setoff otherwise exists is

preserved in bankruptcy").  This right of setoff is intended to avoid "the absurdity of making A

pay B when B owes A."  Id. at 18 (quoting Studley v. Boylston Nat. Bank, 229 U.S. 523, 528

(1913)).  In general, setoff is favored and encouraged by the law to avoid circuity of action and

injustice.  See North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co., 152 U.S. 596, 616-

17 (1894).

33.     Section 553 of the Bankruptcy Code reflects this favorable treatment of setoff

rights and provides, in relevant part:

> (a) Except as otherwise provided in this section and in sections 362 and 363 of
> this title, this title does not affect any right of a creditor to offset a mutual debt
> owing by such creditor to the debtor that arose before the commencement of the
> case under this title against a claim of such creditor against the debtor that arose
> before the commencement of the case[.]

11 U.S.C. § 553(a).  "In general, the right of setoff allows parties who have prepetition debts to

each other to assert the amounts owed on these debts, subtract one from the other, and then pay

only the balance."  In re Johnson, 215 B.R. 381, 385 (Bankr. N.D. Ill. 1997) (citations omitted).

34.     As stated in Johnson, "[s]ection 553(a) recognizes and preserves rights of setoff

where four conditions exist:  (1) the creditor holds a 'claim' against the debtor that arose before

the commencement of the case; (2) the creditor owes a 'debt' to the debtor that also arose before

the commencement of the case; (3) the claim and debt are 'mutual'; and (4) the claim and debt

are each valid and enforceable."  Id.

35.     The exercise of setoff rights is subject to the automatic stay set forth in 11 U.S.C.

§ 362(a), which provides, in pertinent part:

> (a)      Except as provided in subsection (b) of this section, a
> petition filed under section 301, 302, or 303 of this title . . . operates as a
> stay, applicable to all entities, of --

(7)  the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor[.]

11 U.S.C. § 362(a)(7).

36.  Although Hershey alleges to have a prepetition claim against the Debtor in the amount of $40,440.00, which potentially may be capable of being set off against amounts owed by Hershey to the Debtor, see Packaging Ind. Group v. Dennison Mfg. Co., Inc. (In re Sentinel Prods.), 192 B.R. 41, 45 (N.D.N.Y. 1996 (citations omitted), after negotiation, Hershey has agreed to limit its setoff to $20,000.

37.  Considering that the proposed settlement is beneficial to the estate, the Debtor requests that the Court approve the settlement pursuant to Bankruptcy Rule 9019, which includes the Debtor's rejection of the Sale Contracts and the granting of stay relief in favor of Hershey to allow Hershey to effective a setoff.

## NOTICE

37.  Notice of this Motion will be given to: (a) the Office of the U.S. Trustee (Attn: Serene Nakano, Esq.); (b) all required governmental entities; (c) all secured creditors; (d) Stroock, Stroock & Lavan, LLP, counsel to ABN AMRO Capital USA, LLC, administrative agent and collateral agent under that certain Amended and Restated Credit Agreement, dated February 26, 2016 (Attn: Andrew P. DeNatale); (e) counsel for the Official Committee of Unsecured Creditors; (f) counsel for Hershey; and (g) any such other party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(b) (collectively, the "Notice Parties"). The Debtor submits that, under the circumstances, no other or further notice is required.

38.  No prior application for the relief requested herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, for all the foregoing reasons, the Debtor respectfully requests entry of

the Stipulation and Consent Order, in the form annexed hereto as **Exhibit A**, granting the Motion

and such other further relief as the Court deems just and equitable.

Dated:  New York, New York
        April 18, 2017

                                KLESTADT WINTERS JURELLER
                                SOUTHARD & STEVENS, LLP


                        By:  */s/ Tracy L. Klestadt*
                             Tracy L. Klestadt
                             Joseph C. Corneau
                             200 West 41st Street, 17th Floor
                             New York, New York 10036
                             Tel: (212) 972-3000
                             Fax: (212) 972-2245
                             Email: tklestadt@klestadt.com
                                     jcorneau@klestadt.com

                                  -and-

                             RIKER DANZIG SCHERER HYLAND &
                             PERRETTI LLP
                             Joseph L. Schwartz (admitted *pro hac vice*)
                             Tara J. Schellhorn
                             Rachel F. Gillen (admitted *pro hac vice*)
                             Headquarters Plaza, One Speedwell Avenue
                             Morristown, New Jersey 07960
                             Telephone: (973) 538-0800
                             Facsimile: (973) 538-1984

                             *Attorneys for the Debtor and*
                             *Debtor-in-Possession*

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                  :
In re                                                             :     Chapter 11
                                                                  :
TRANSMAR COMMODITY GROUP LTD.[1]                                  :
                                                                  :
        Debtor.                                                   :     Case No. 16-13625 (JLG)
                                                                  :
                                                                  :
                                                                  :
                                                                  :
---------------------------------------------------------------- X

## STIPULATION AND CONSENT ORDER BETWEEN THE DEBTOR AND HERSHEY TRADING, GmbH

This Stipulation and Consent Order is entered into by and between Transmar Commodity Group Ltd., the above-referenced debtor and debtor-in-possession (the "Debtor"), and Hershey Trading GmbH ("Hershey", and together with the Debtor each a "Party" and collectively the "Parties"), in each case by and through its undersigned counsel.

## RECITALS

**WHEREAS**, on December 31, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

**WHEREAS**, as of the Petition Date, a number of fixed and unfixed contracts existed between the Parties for which substantial performance on both sides remained. Pursuant to those contracts, the Debtor agreed to sell, and Hershey agreed to purchase, cocoa butter and other cocoa products in certain quantities. A list of those pending contracts is set forth on Exhibit 1

---

[1] The Debtor in this chapter 11 case and the last four digits of the Debtor's taxpayer identification number is as follows: Transmar Commodity Group Ltd. (5889). The Debtor's principal office is located at 200 South Street, 4th Floor, Morristown, New Jersey 07960.

hereto (the "Sale Contracts").  To the extent any contracts remain that are not listed on Exhibit 1, they shall be deemed to be included on Exhibit 1 and shall be included in the Sale Contracts;

**WHEREAS**, Hershey currently owes the Debtor the sum of $1,376,083.59 for product that was previously delivered by the Debtor to Hershey and which has been invoiced (the "Accounts Receivable");

**WHEREAS**, Hershey has a prepetition claim against the Debtor in the amount of $40,440.00 (the "Claim"), for which Hershey asserts a right of setoff against the Accounts Receivable;

**WHEREAS**, the Debtor and Hershey have agreed to a resolution with respect to the Accounts Receivable, the Sale Contracts and the Claim, on the terms set forth herein;

**NOW THEREFORE,** for good and valuable consideration, which the Parties acknowledge receiving, it is hereby stipulated, agreed and ordered as follows:

1.      Hershey shall pay the Debtor the full amount of the Accounts Receivable less the Setoff Amount (as defined below), *i.e.*, $1,356,083.59, promptly following but not later than seven (7) days of entry of this Stipulation and Consent Order.

2.      Hershey shall be granted relief from the automatic stay set forth in section 362 of the Bankruptcy Code to effect a prepetition setoff in the amount of $20,000 (the "Setoff Amount") against the Accounts Receivable, and such setoff is hereby authorized and approved. All of the Sale Contracts shall be deemed rejected and terminated as of the date this Stipulation and Consent Order becomes effective, and, other than the obligations of Hershey to make the payments to the Debtor as set forth herein, neither Party shall have any remaining obligations under the Sale Contracts.

3.      Except for the obligations set forth in this Stipulation and Consent Order, and except with respect to any post-petition agreements that may be entered into between the Debtor

and Hershey after the date of this Stipulation, if any, Hershey, on behalf of itself, its successors and assigns, hereby fully releases and forever discharges the Debtor and the estate, as well as the Debtor's past and present officers, directors, trustees, shareholders, agents, principals, attorneys, successors and assigns, and each of them separately and collectively (the "Transmar Parties"), from any and all claims that have been brought or heretofore could have been brought by Hershey against the Transmar Parties. Hershey expressly waives, withdraws and agrees not to assert any released claims against the Debtor or its estate.

4. Except for the obligations set forth in this Stipulation and Consent Order, and except with respect to any post-petition agreements that may be entered into between the Debtor and Hershey after the date of this Stipulation, if any, the Debtor, on behalf of itself and the estate, its successors and assigns, hereby fully releases and forever discharges Hershey, its past and present officers, directors, trustees, shareholders, agents, principals, attorneys, successors and assigns, and each of them separately and collectively (the "Hershey Parties"), from any and all claims that have been brought or heretofore could have been brought by the Debtor or the estate against the Hershey Parties.

5. The Debtor is hereby authorized and empowered to take all actions necessary to implement the relief granted in this Stipulation and Consent Order.

6. This Stipulation and Consent Order may be executed by the Debtor and Hershey in counterparts, each of which shall be deemed an original and evidence of this Stipulation and Consent Order may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally-signed documents.

7. The effectiveness of this Stipulation and Consent Order is subject to the approval of the Court and shall be effective immediately upon the Court's so-ordering this Stipulation and

Consent Order.  The Parties shall use commercially reasonable efforts to obtain approval from the Court.

8.      The signatories represent and warrant that each has full power and authority to enter into this Stipulation and Consent Order.

9.      The Parties acknowledge that they jointly contributed to the drafting of this Stipulation and Consent Order.  In the event of any ambiguity, no rule or interpretation or construction shall be applied for or against either Party.


[Signatures Continued on Next Page]

10.     Both of the Parties hereby irrevocably submit to the jurisdiction of the Court, and consent to the exclusive jurisdiction of the Court with respect to all matters arising from or related to the implementation or interpretation of this Stipulation and Consent Order.

Agreed to this ___ day of April, 2017:


**Transmar Commodity Group, Ltd.**            **Hershey Trading, GmbH**
*Debtor and Debtor-in-Possession*

By: _____            By: _____
        Name: Peter G. Johnson                      Name:
        Title: Chairman, President, and Chief            Title:
        Executive Officer




**SO ORDERED this ___ day of _____, 2017**


_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

## Unfixed Contracts to Be Terminated

| Supplier | CTS Supplier | Contract Date | Quantity MT | Delivery Months | Lots Ratio | Futures Contra | Supplier Contra |
|---|---|---|---|---|---|---|---|
| Trans mar | Hsy Trading GmbH | 3/27/15 | 600 | Jan/Mar 17 | 1.9700 | H17 | S007181/2/3 |
| Trans mar | Hsy Trading GmbH | 5/7/15 | 300 | Jan/Mar 17 | 1.9000 | H17 | S007293/4/5 |
| Trans mar | Hsy Trading GmbH | 6/22/15 | 300 | Jan/Mar 17 | 1.9200 | H17 | S31104-5-6 |
| Trans mar | Hsy Trading GmbH | 6/22/15 | 200 | Apr/May 17 | 1.9200 | K17 | S007467,8 |
| Trans mar | Hsy Trading GmbH | 6/22/15 | 200 | Jun/Jul 17 | 1.9200 | N17 | S007469,70 |
| Trans mar | Hsy Trading GmbH | 6/22/15 | 200 | Aug/Sep 17 | 1.9200 | U17 | S007471,2 |
| Trans mar | Hsy Trading GmbH | 6/22/15 | 300 | Oct/Dec 17 | 1.9200 | Z17 | S007473,4,5 |

## Fixed Contracts

## To Be Terminated

| Contract No. | Quantity (MT) |
|---|---|
| 46079742-10 | 200 |
| 46079742-10 | 200 |
| 46079742-20 | 200 |
| 46079742-20 | 200 |
| 46079742-30 | 100 |
| 46079742-30 | 100 |
| 46079742-40 | 100 |
| 46079742-40 | 100 |
| 46079742-50 | 80 |