**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| TRANSMAR COMMODITY GROUP LTD,[1] | : | Case No. 16-13625 (JLG) |
| | : | |
| Debtor. | : | |
| | : | |

**STIPULATION AND AGREED ORDER RELATING TO AMENDED
STIPULATION AND FINAL AGREED ORDER PURSUANT TO 11 U.S.C. §§ 361,
362 AND 363 AND RULES 4001(b), 4001(d) AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING DEBTOR'S USE OF CASH
COLLATERAL AND (II) PROVIDING ADEQUATE PROTECTION THEREOF**

This stipulation and agreed order (this "Stipulation") relating to the *Amended Stipulation and Final Agreed Order Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Rules 4001(b), 4001(d) and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtor's Use of Cash Collateral and (II) Providing Adequate Protection Thereof* [Docket No. 119] (as amended, supplemented or otherwise modified from time to time, the "Cash Collateral Order") is entered into by and among (i) Alan Nisselson (the "Trustee"), as permanent trustee for the chapter 7 estate of Transmar Commodity Group, Ltd. (the "Debtor") and (ii) Icestar B.V. ("Icestar", and together with the Trustee, the "Parties"), an affiliate of ABN Amro Capital USA, LLC ("ABN"), merged into ABN AMRO Bank N.V. effective as of January 1, 2018.[2]

**RECITALS**

A. On or about February 26, 2016, that certain Amended and Restated Credit Agreement, dated as of February 26, 2016 (the "Credit Agreement"), was entered into among the

---

[1] The last four digits of the Debtor's federal tax identification number are 5889.
[2] Reference is made to that certain *Stipulation and Agreed Order Relating to Anticipated Merger of Icestar B.V. and ABN Amro Bank N.V.* dated December 21, 2017 [Docket No. 501] (the "Merger Stipulation"). The Merger Stipulation is not affected by this Stipulation and the parties thereto agree that the Merger Stipulation remains in full force and effect. For ease of reference only, the defined term "Icestar" is used herein, notwithstanding its merger into ABN AMRO Bank N.V. as of January 1, 2018.

{Client/083565/1/01542326.DOCX;1 }

Debtor, as Borrower, the Lenders (including BNP Paribas, ABN, Macquarie Bank Limited ("MBL") and Société Générale) and the other parties thereto.[3]

B. On December 31, 2016, the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code commencing this case.

C. On January 18, 2017, the United States Trustee appointed the official committee of unsecured creditors (the "Creditors' Committee") in this case.

D. Paragraph 22 of the Cash Collateral Order, *inter alia*, reserved for the Creditors' Committee the right, on the Debtor's behalf, to challenge certain interests and liens during the Challenge Period. *Id.* at ¶ 22. The Creditors' Committee asserted in its *Statement of the Official Committee of Unsecured Creditors to the Debtor's Proposed Order (I) Extending Debtor's Use of Cash Collateral Pursuant to Amended Stipulation and Final Agreed Order Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Rules 4001(b), 4001(d) and 9014 of the Federal Rules of Bankruptcy Procedure and (II) Amended Approved Budget* [Docket No. 192] (the "Committee Response"), *inter alia*, that the Challenge Period deadline set forth in paragraph 22 of the Cash Collateral Order and the stipulations and releases set forth in the Cash Collateral Order only relate to a potential Challenge against the Prepetition Agent and Prepetition Lenders in their capacity as lenders under the Prepetition Credit Agreement.

E. Icestar, Macquarie Physical Commodities, LLC, Macquarie Commodities (USA) Inc., BNP Paribas Prime Brokerage, Inc. (together with MBL and BNP Paribas (for transactions that are distinct from the Prepetition Agent's and the Prepetition Lenders' transactions under the Credit Agreement)), SG Americas, LLC, and ABN AMRO Clearing Chicago LLC (collectively, the "Affiliate Parties") asserted that the Challenge Period deadline set forth in paragraph 22 of

---

[3] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Cash Collateral Order or Credit Agreement.

{Client/083565/1/01542326.DOCX;1 }    2

the Cash Collateral Order and the various stipulations and releases in the Cash Collateral Order, including without limitation in paragraphs C.(iv)(e) and 37, applied to the Affiliate Parties, thereby requiring the Creditors' Committee to commence a Challenge against the Affiliate Parties by the Challenge Period deadline set forth in the Cash Collateral Order.

  F. On April 13, 2017, the Court entered the *Stipulation and Agreed Order Relating to Amended Stipulation and Final Order Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Rules 4001(b), 4001(d) and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtor's Use of Cash Collateral and (II) Providing Adequate Protection Thereof* [Docket No. 229] (the "April Stipulation"), whereby the Creditor's Committee, Icestar (and MBL and affiliates of MBL), in an abundance of caution, entered into the April Stipulation in order to clarify the provisions of the Cash Collateral Order solely with respect to Icestar, MBL and MBL's affiliates.

  G. On May 2, 2017, the Court entered the *Stipulation and Agreed Order Relating to Amended Stipulation and Final Order Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Rules 4001(b), 4001(d) and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtor's Use of Cash Collateral and (II) Providing Adequate Protection Thereof* [Docket No. 250] (the "May Stipulation"), whereby the Creditor's Committee, the BNP Paribas and its affiliates, ABN AMRO Clearing Chicago LLC and SG Americas Securities, LLC, in an abundance of caution, entered into the May Stipulation in order to clarify the provisions of the Cash Collateral Order solely with respect to the BNP Paribas and its affiliates, ABN AMRO Clearing Chicago LLC and SG Americas Securities, LLC.

  H. On June 30, 2017, the Court entered the *Stipulation and Agreed Order Relating to Amended Stipulation and Final Order Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Rules 4001(b), 4001(d) and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing*

*Debtor's Use of Cash Collateral and (II) Providing Adequate Protection Thereof* [Docket No. 374] (the "June Stipulation"), whereby the Creditor's Committee and the Affiliate Parties, in an abundance of caution, entered into the June Stipulation, in order to clarify the provisions of the Cash Collateral Order with respect to the Affiliate Parties.

I. Paragraph 3 of The June Stipulation provided that:

> In the event the Case is converted to a case under chapter 7 of the Bankruptcy Code pursuant to Section 1112 of the Bankruptcy Code and the Challenge Period with respect to the Affiliate Parties has not yet expired, (i) the Challenge Period with respect to the Affiliate Parties shall be further extended through the date that is thirty (30) days after the effective date of such conversion, (ii) any interim or permanent trustee appointed under chapter 7 of the Bankruptcy Code shall have the right to assert a Challenge against the Affiliate Parties prior to the expiration of the Challenge Period and (iii) any interim or permanent trustee appointed under chapter 7 of the Bankruptcy Code shall have the right to request an extension of the Challenge Period, and any such extension of the Challenge Period as to the Affiliate Parties may only be granted upon the prior written consent of the respective entity or further order of the Court after notice to all affected parties and an opportunity to be heard.

J. On July 11, 2017, the Court entered the *Order Approving Conversion of Chapter 11 Case to Case Under Chapter 7 of the Bankruptcy Code And Granting Related Relief* [Docket No. 388] (the "Conversion Approval Order"). The Conversion Approval Order makes reference to the April Stipulation, May Stipulation and June Stipulation.

K. On July 26, 2017, the Court entered the Order Converting Chapter 11 Case to Case Under Chapter 7 of the Bankruptcy Code (the "Conversion Order"). On the same day, the Office of the United States Trustee appointed Alan Nisselson as the interim chapter 7 trustee of the Debtor's estate.

L. On August 21, 2017, the Court entered the *Stipulation and Agreed Order Relating to Amended Stipulation and Final Order Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Rules 4001(b), 4001(d) and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtor's Use of Cash Collateral and (II) Providing Adequate Protection Thereof* [Docket No.

416] (the "August Stipulation"), whereby the Trustee and the Affiliate Parties, in an abundance of caution, entered into the August Stipulation, in order to (i) clarify the provisions of the Cash Collateral Order with respect to the Affiliate Parties and (ii) extend the Challenge Period deadline to October 24, 2017.

  M. On October 13, 2017, the Court entered the *Stipulation and Agreed Order Relating to Amended Stipulation and Final Order Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Rules 4001(b), 4001(d) and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtor's Use of Cash Collateral and (II) Providing Adequate Protection Thereof* [Docket No. 466] (the "October Stipulation"), whereby the Trustee and the Affiliate Parties, in an abundance of caution, entered into the October Stipulation, in order to (i) clarify the provisions of the Cash Collateral Order with respect to the Affiliate Parties and (ii) extend the Challenge Period deadline to December 29, 2017.

  N. On December 28, 2017, the Court entered the *Stipulation and Agreed Order Relating to Amended Stipulation and Final Order Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Rules 4001(b), 4001(d) and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtor's Use of Cash Collateral and (II) Providing Adequate Protection Thereof* [Docket No. 508] (the "December Stipulation"), whereby the Trustee and the Affiliate Parties, in an abundance of caution, entered into the December Stipulation, in order to (i) clarify the provisions of the Cash Collateral Order with respect to the Affiliate Parties and (ii) extend the Challenge Period deadline to February 28, 2018.

  O. On March 2, 2018, the Court entered the *Stipulation and Agreed Order Relating to Amended Stipulation and Final Order Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Rules 4001(b), 4001(d) and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtor's Use of Cash Collateral and (II) Providing Adequate Protection Thereof* [Docket No.

519] (the "March Stipulation"), whereby the Trustee and the Affiliate Parties, in an abundance of caution, entered into the March Stipulation, in order to (i) clarify the provisions of the Cash Collateral Order with respect to the Affiliate Parties and (ii) extend the Challenge Period deadline to April 30, 2018 with respect to the Affiliate Parties (except for MBL and its affiliates in which the Challenge Deadline was March 21, 2018).

P. The Parties enter into this Stipulation in order to further clarify the provisions of the Cash Collateral Order and to further extend the Challenge Period, solely with respect to Icestar.

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. The recitals set forth above are incorporated herein by reference and are made an integral part of this Stipulation.

2. Notwithstanding anything to the contrary in the Cash Collateral Order or the Committee Response, (i) the Trustee agrees not to object to the assertions of Icestar set forth in F. above as it relates to Icestar only, and (ii) the Trustee's right to assert a Challenge against Icestar shall be extended through **June 30, 2018** (the "Challenge Period").

3. The Trustee and any successor trustee, if any, shall have the right (i) to assert a Challenge against Icestar prior to the expiration of the Challenge Period and (ii) request an extension of the Challenge Period, and any such extension of the Challenge Period as to Icestar may only be granted upon the prior written consent of the respective entity or further order of the Court after notice to all affected parties and an opportunity to be heard.

4. Nothing contained in this Stipulation shall constitute a waiver, release, discharge or other modification of the rights of the Prepetition Agent and Prepetition Lenders, in their capacities as parties to the Credit Agreement.

5. The Parties are each authorized and directed to take all actions necessary and appropriate to give effect to this Stipulation.

6. This Stipulation supersedes the Cash Collateral Order solely to the extent provided herein. This Stipulation supersedes the April Stipulation, the May Stipulation, the June Stipulation, the August Stipulation, the October Stipulation, the December Stipulation and the March Stipulation.

7. The Parties acknowledge and agree that all provisions contained in this Stipulation, including any references to rights of third parties, are included for the sole benefit of Icestar and the Trustee, and nothing herein, whether express or implied, shall create any third party beneficiary or other rights in any other person or entity.

8. The Court shall retain jurisdiction over the Parties with respect to any matters related to or arising from the implementation of this Stipulation and the Cash Collateral Order.

[Signature Page Follows]

          **ALAN NISSELSON, PERMANENT CHAPTER 7 TRUSTEE OF THE ESTATE**

Dated: April 24, 2018        By: /s/Rocco A. Cavaliere
                                    Scott S. Markowitz
                                    Rocco A. Cavaliere
                                    Michael Z. Brownstein
                                    **TARTER KRINSKY & DROGIN LLP**
                                    Special Counsel to Trustee
                                    1350 Broadway, 11th Floor
                                    New York, NY  10018
                                    Telephone: (212) 216-8000
                                    Facsimile: (212) 216-8001

        **ABN AMRO Bank N.V., successor by merger to Icestar B.V.**

        By: /s/ Sameer Advani
            Alan Lipkin
            Sameer Advani
            **WILLKIE FARR & GALLAGHER LLP**
            787 Seventh Avenue
            New York, NY 10019
            Telephone: (212) 728-8000
            Facsimile: (212) 728-8111

**SO ORDERED:**

Dated: April 25, 2018
       New York, New York

/s/ *James L. Garrity, Jr.*

Honorable James L. Garrity, Jr.
UNITED STATES BANKRUPTCY JUDGE