Hearing Date and Time: October 2, 2019 at 10:00 a.m.
Objection Deadline: September 25, 2019 at 5:00 p.m.

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
(212) 237-1000

Attorney appearing:   Howard L. Simon (hsimon@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>TRANSMAR COMMODITY GROUP LTD.,<br><br>Debtor. | Chapter 7<br><br>Case No. 16-13625-jlg |

### NOTICE OF TRUSTEE'S MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER APPROVING A SETTLEMENT AGREEMENT WITH WILLIAM YU

**PLEASE TAKE NOTICE** that Alan Nisselson, trustee for the Chapter 7 estate of Transmar Commodity Group Ltd., by and through his undersigned counsel, will move before The Honorable James L. Garrity, United States Bankruptcy Judge, at the United States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green, Courtroom 701, New York, New York 10004, on **October 2, 2019 at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving a Settlement Agreement and Release entered into by (i) William Yu and (ii) Alan Nisselson, as Chapter 7 Trustee for the estate of Transmar Commodity Group Ltd. (the "**Motion**").

{11713711:1}

**PLEASE TAKE FURTHER NOTICE** that the Motion is available for viewing on the Court's official website (www.nysb.uscourts.gov) or upon request to the undersigned or the Clerk of the Court. A Pacer password is required to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing, conform to the Bankruptcy Rules and other applicable rules and orders of this Court, and be filed in accordance with General Order M-399 and the electronic filing procedures for the United States Bankruptcy Court for the Southern District of New York (available at www.nysb.uscourts.gov), with two single-sided courtesy copies delivered to the Chambers of the Honorable James L. Garrity, and served upon (i) the undersigned attorneys for the Trustee; (ii) the Office of the United States Trustee for Region 2, c/o U.S. Trustee's office, 201 Varick Street, Suite 1006, New York, New York 10004 (Attn: Greg M. Zipes, Esq.); and (iii) Reid Collins & Tsai LLP, 810 Seventh Avenue, Suite 410, New York, New York 10019 (Attn: Rachel S. Fleishman, Esq.), counsel for Debtor's lenders, so as to be received by no later than **September 25, 2019 at 5:00 p.m. (Eastern time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

Dated: New York, New York  
　　　　August 22, 2019

WINDELS MARX LANE & MITTENDORF, LLP  
*Attorneys for Alan Nisselson, Chapter 7 Trustee*

By: /s/ Howard L. Simon  
Howard L. Simon (hsimon@windelsmarx.com)  
156 West 56th Street  
New York, New York 10019  
(212) 237-1000

Hearing Date and Time: October 2, 2019 at 10:00 a.m.
Objection Deadline: September 25, 2019 at 5:00 p.m.

**WINDELS MARX LANE & MITTENDORF, LLP**
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215

Attorney appearing:   Howard L. Simon (hsimon@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>TRANSMAR COMMODITY GROUP LTD.,<br><br>Debtor. | Chapter 7<br><br>Case No. 16-13625-jlg |

**TRUSTEE'S MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER APPROVING A SETTLEMENT AGREEMENT WITH WILLIAM YU**

**TO THE HONORABLE JAMES L. GARRITY, JR.,**
**UNITED STATES BANKRUPTCY JUDGE:**

Alan Nisselson (the "***Trustee***"), trustee for the chapter 7 estate (the "***Estate***") of Transmar Commodity Group Ltd. (the "***Debtor***" or "***Transmar***"), by and through his attorneys, Windels Marx Lane & Mittendorf, LLP, respectfully requests the entry of an Order pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "***Bankruptcy Code***") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") approving the Settlement Agreement and Release (the "***Settlement Agreement***") attached as **Exhibit A** resolving a pre-petition avoidance claim by the Estate against William Yu ("***Yu***").

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction of this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the Southern

{11713715:5}

District of New York dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On December 31, 2016 (the "*Petition Date*"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On July 11, 2017, the Court entered an Order that approved the conversion of the bankruptcy case to a case under chapter 7 of the Bankruptcy Code and granted related relief. (Doc. No. 388).

4. On July 26, 2017, the Court entered an order converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code. (Doc No. 402).

5. On July 26, 2017, the Office of the United States Trustee appointed Alan Nisselson as the interim trustee of the Estate, and he has since qualified and is now serving as the permanent trustee of the Estate. (Doc. No. 403).

## THE SETTLEMENT

6. The Trustee and his counsel reviewed and analyzed the Debtor's documents to determine the existence of potential claims against Yu, a former financial executive for the Debtor.[1]

7. Yu received payments from the Debtor within two years of the Petition Date totaling $589,230.28 (the "*Payments*").

8. The Trustee's investigation determined that the Payments were made by the Debtor to Yu as compensation for his work as Transmar's Director of Mergers and Acquisitions. The Payments were comprised of bi-weekly salary payments and a one-time bonus for 2015.[2]

---

[1] In November 2018, the Trustee and Yu entered into a tolling agreement tolling the running of the statute of limitations for the Trustee to bring claims against Yu. The tolling agreement, as extended, currently expires on September 3, 2019.

{11713715:5}    2

9. Counsel for Yu and the Trustee engaged in discussions and arm's-length negotiations that resulted in the Settlement Agreement attached hereto as **Exhibit A**.

10. Pursuant to the Settlement Agreement, Yu will pay $34,000 (the "**Settlement Payment**") to the Estate in exchange for a release from the Trustee and the Estate will receive a release from Yu that will include a release of any claim pursuant to Bankruptcy Code section 502(h) relating to the Settlement Payment.

## RELIEF REQUESTED

11. By this Motion, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement.

## LEGAL BASIS

12. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Courts have held that in order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 BR 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

13. The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Liu v. Silverman (In re Liu)*, 1998 U.S. App. LEXIS 31698, at *3 (2d Cir. Dec. 18, 1998) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608

---

[2] According to the Debtor's books and records, several Transmar employees received bonuses for 2015 and annual bonuses appear to have been customary.

(2d Cir. 1983)); *see also Masonic Hall & Asylum Fund v. Official Comm. Of Unsecured Creditors (In re Refco, Inc.)*, 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426; *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993) ("[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation"); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

14. In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

- the probability of success in the litigation;
- the difficulties associated with collection, if any;
- the complexity of the litigation, and the attendant expense, inconvenience, and delay; and
- the paramount interests of the creditors.

*In re Refco, Inc.*, 2006 U.S. Dist. LEXIS 85691 at *22; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

15. The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 505. The competency and experience of counsel supporting the settlement may also be considered. *Nellis*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

{11713715:5}    4

16. Because the Payments were made for services Yu performed as a Transmar executive, an action by the Trustee to recover any of the Payments would be subject to potentially complete affirmative defenses, including the ordinary course of business and contemporaneous exchange for new value defenses under Section 547 and the value and good faith defense under Section 548 of the Bankruptcy Code. Taking these defenses into account as well as issues of collectability, recovery by the Trustee of the Payments is highly uncertain.

17. Accordingly, and in consideration of the expenses in litigating such an action, the Settlement Agreement falls above the lowest point in the range of reasonableness. *See* Affidavit of Alan Nisselson in support of the Motion, attached hereto as **Exhibit B**.

18. The Settlement Agreement takes into account the above considerations and the Trustee's business judgment.

19. The Settlement Agreement avoids the cost, delay and uncertainty of a lengthy and contentious litigation, provides a tangible monetary recovery to the Estate and further benefits creditors with allowed claims.

## NOTICE AND NO PRIOR REQUEST

20. On November 17, 2017, the Court entered an Order limiting the extent of notice required for certain matters, which authorizes the Trustee to provide notice of applications to compromise or settle controversies for an amount less than $300,000 to a limited service list (the "***Order Limiting Notice***"). (Doc. No. 491).

21. In accordance with the Order Limiting Notice, the Trustee has given notice of this Motion to the U.S. Trustee's Office; attorneys for the Debtor; attorneys for ABN, as agent for the Lenders; members of the former Official Committee of Unsecured Creditors; any party that has

formally appeared and requested service of papers in this case pursuant to Bankruptcy Rule 2002; the United States Attorney for the Southern District of New York and counsel for Yu.

22. The Trustee respectfully submits that such notice constitutes good and sufficient notice and that no other notice need be given.

23. No previous motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

24. In sum, the Trustee submits that the Settlement Agreement represents a fair and reasonable compromise that is well within the "range of reasonableness," confers a substantial benefit on the Estate and is far preferable to the uncertainty, costs and delay of litigation.

**WHEREFORE** the Trustee respectfully requests that the Court enter an Order substantially in the form attached as **Exhibit C** approving the Settlement Agreement.

Dated: New York, New York  
      August 22, 2019

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP  
*Attorneys for Alan Nisselson, Chapter Trustee*

By:   */s/ Howard L. Simon*  
     Howard L. Simon (hsimon@windelsmarx.com)  
     156 West 56th Street  
     New York, New York 10019  
     Tel. (212) 237-1000 / Fax. (212) 262-1215