Hearing Date and Time: March 10, 2020 at 11:00 a.m.
Objection Deadline:  March 3, 2020 at 5:00 p.m.

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
(212) 237-1000

Attorney appearing:    James Sullivan (jsullivan@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>TRANSMAR COMMODITY GROUP LTD.,<br><br>Debtor. | Chapter 7<br><br>Case No. 16-13625-jlg |

### NOTICE OF TRUSTEE'S MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER APPROVING SETTLEMENT AGREEMENTS WITH MORRISTOWN GROUP, L.L.C., TIMOTHY B. JOHNSON, MARY JOHNSON AND PATRICIA GASEK

**PLEASE TAKE NOTICE** that Alan Nisselson, trustee for the chapter 7 estate of Transmar Commodity Group Ltd. (the "***Trustee***"), by and through his undersigned counsel, will move before The Honorable James L. Garrity, United States Bankruptcy Judge, in his courtroom at the United States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green, Courtroom 701, New York, New York 10004, on **March 10, 2020 at 11:00 a.m.**, or as soon thereafter as counsel can be heard, for an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving settlements resolving the estate's claims against Morristown Group, L.L.C., Timothy B. Johnson, Mary Johnson and Patricia Gasek (the "***Motion***").

{11776906:2}

**PLEASE TAKE FURTHER NOTICE** that the Motion is available for viewing on the Court's official website (www.nysb.uscourts.gov) or upon request to the undersigned or the Clerk of the Court. A Pacer password is required to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing, conform to the Bankruptcy Rules and other applicable rules and orders of this Court, and be filed in accordance with General Order M-399 and the electronic filing procedures for the United States Bankruptcy Court for the Southern District of New York (available at www.nysb.uscourts.gov), with two single-sided courtesy copies delivered to the Chambers of the Honorable James L. Garrity, and served upon (i) the undersigned attorneys for the Trustee; (ii) the Office of the United States Trustee for Region 2, c/o U.S. Trustee's office, 201 Varick Street, Suite 1006, New York, New York 10004 (Attn: Greg M. Zipes, Esq.); (iii) Reid Collins & Tsai LLP, 810 Seventh Avenue, Suite 410, New York, New York 10019 (Attn: Rachel S. Fleishman, Esq.), counsel for Debtor's lenders, (iv) McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Suite 201, Roseland, NJ 07068 (Attn: Sam Della Ferra, Jr., Esq.), attorneys for Morristown Group, L.L.C., Timothy B. Johnson, Mary Johnson, and (v) Karina Pia Lucid, Esq., 3640 Valley Rd., Suite 2A, PO Box 230, Liberty Corner, NJ 07938, attorney for Patricia Gasek, so as to be received by no later than **March 3, 2020 at 5:00 p.m. (Eastern time)** (the "*Objection Deadline*").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

Dated:  New York, New York  
       February 10, 2020

WINDELS MARX LANE & MITTENDORF, LLP  
*Attorneys for Alan Nisselson, Chapter 7 Trustee*  
By:  */s/ James Sullivan*  
James Sullivan (jsullivan@windelsmarx.com)  
156 West 56th Street  
New York, New York 10019  
Tel. (212) 237-1000 / Fax. (212) 262-1215

{11776906:2}　　　　　　　　　　　　　　　　2

Hearing Date and Time: March 10, 2020 at 11 a.m.
Objection Deadline: March 3, 2020 at 5:00 p.m.

**WINDELS MARX LANE & MITTENDORF, LLP**
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215

Attorney appearing:    James Sullivan (jsullivan@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>TRANSMAR COMMODITY GROUP LTD.,<br><br>Debtor. | Chapter 7<br><br>Case No. 16-13625-jlg |

**TRUSTEE'S MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER APPROVING SETTLEMENT AGREEMENTS WITH MORRISTOWN GROUP, L.L.C., TIMOTHY B. JOHNSON, MARY JOHNSON AND PATRICIA GASEK**

**TO THE HONORABLE JAMES L. GARRITY, JR.,**
**UNITED STATES BANKRUPTCY JUDGE:**

Alan Nisselson (the "*Trustee*"), trustee for the chapter 7 estate (the "*Estate*") of Transmar Commodity Group Ltd. (the "*Debtor*" or "*Transmar*"), by and through his attorneys, Windels Marx Lane & Mittendorf, LLP, respectfully requests the entry of an Order pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "***Bankruptcy Code***") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") approving the Settlement Agreements (the "*Settlement Agreements*") attached as **Exhibit A** and **Exhibit B** resolving the pre-petition avoidance claims by the Estate against Morristown Group, L.L.C. ("*MG*"), Timothy B. Johnson ("*TJ*"), Mary Johnson ("*MJ*," and collectively with MG and TJ, the "*MG Parties*") and Patricia Gasek ("*PG*").

{11780089:1}

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On December 31, 2016 (the "***Petition Date***"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On July 11, 2017, the Court entered an Order that approved the conversion of the bankruptcy case to a case under chapter 7 of the Bankruptcy Code and granted related relief. (Doc. No. 388).

4. On July 26, 2017, the Court entered an order converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code. (Doc No. 402).

5. On July 26, 2017, the Office of the United States Trustee appointed Alan Nisselson as the interim trustee of the Estate, and he has since qualified and is now serving as the permanent trustee of the Estate. (Doc. No. 403).

## THE MORRISTOWN GROUP PARTIES SETTLEMENT

6. The Trustee and his counsel reviewed and analyzed the Debtor's documents to determine the existence of potential claims against MG, an affiliate of the Debtor.[1]

7. MG received payments from the Debtor within four years of the Petition Date totaling $15,329,584.96 (the "***MG Payments***"). The Trustee's investigation determined that the

---

[1] In December 2018, the Trustee and the MG Parties and PG entered into agreements tolling the running of the statute of limitations for the Trustee to bring claims against the MG Parties and PG. The tolling agreements, as extended, currently expire on July 1, 2020.

{11780089:1}   2

Payments were made by the Debtor to MG for reimbursement of expenses purportedly incurred on the Debtor's behalf. The breakdown by year is as follows:

| Year | Amount |
|---|---|
| 2013 | $ 680,701.09 |
| 2014 | $ 6,191,206.70 |
| 2015 | $ 7,757,754.22 |
| 2016 | $ 699,922.95 |
| | $15,329,584.96 |

8.  TJ and MJ received excessive transfers from the Debtor and earned undeserving salaries.

9.  TJ received an aggregate salary from the Debtor within two years of the Petition Date totaling $1,388,439.80 (the "**TJ Payments**"). The breakdown by year is as follows:

| Year | Amount |
|---|---|
| 2015 | $ 1,088,451.80 |
| 2016 | $ 299,988.00 |
| | $ 1,388,439.80 |

10. MJ received an aggregate salary from the Debtor within two years of the Petition Date totaling $704,807.57 (the "**MJ Payments**"). The breakdown by year is as follows:

| Year | Amount |
|---|---|
| 2015 | $ 579,807.63 |
| 2016 | $ 124,999.94 |
| | $ 704,807.57 |

11. The Trustee believes that the MG Payments, TJ Payments and MJ Payments made during 2016 may be avoidable under sections 544, 547, and 548 of the Bankruptcy Code. The Trustee believes that the MG Payments, TJ Payments, and MJ Payments made during 2015 may also be avoidable under sections 544 and 548 of the Bankruptcy Code. The Trustee believes that the MG Payments made during 2013 and 2014 may be avoidable under section 544 of the Bankruptcy Code.

{11780089:1}                          3

12. The MG Parties have asserted that they have valid defenses to the Trustee's avoidance claims and, even if such defenses failed, the MG Parties have very limited assets from which to pay any judgment the Trustee might obtain. The Trustee reviewed financial information from the MG Parties and believes that their liquid assets are limited.

13. Counsel for the MG Parties and the Trustee engaged in discussions and arm's-length negotiations that resulted in the settlement agreement attached hereto as **Exhibit A** (the "***MG Settlement Agreement***").

14. Importantly, as set forth in Exhibit A, the MG Parties have agreed to cooperate with the Trustee's ongoing investigation of the Debtor's transactions.

15. Pursuant to the MG Settlement Agreement, the MG Parties will pay $400,000 (the "***MG Settlement Payment***") to the Estate in exchange for a release from the Trustee. The Estate will receive a release from the MG Parties that will include a release of any claim pursuant to Bankruptcy Code section 502(h) relating to the MG Settlement Payment. The Trustee is holding the full amount of the MG Settlement Payment in his account pending approval of this Motion.

## THE PATRICIA GASEK SETTLEMENT

16. The Trustee and his counsel reviewed and analyzed the Debtor's documents to determine the existence of potential claims against PG, a former employee of the Debtor.

17. PG received an aggregate salary from the Debtor within two years of the Petition Date totaling $267,722.96 (the "***PG Payments***"). The breakdown by year is as follows:

| | | |
|---|---|---|
| 2015 | $ | 110,399.94 |
| 2016 | $ | 157,323.02 |
| | $ | 267,722.96 |

18. The Trustee has alleged that the PG Payments from the Debtor were excessive.

{11780089:1}    4

19. The Trustee's investigation determined that the salary paid by the Debtor to PG for employment incurred on the Debtor's behalf. The Trustee believes that the salary paid during 2016 may be avoidable under sections 544, 547, and 548 of the Bankruptcy Code. The Trustee believes that the salary paid during 2015 may be avoidable under sections 544 and 548 of the Bankruptcy Code.

20. PG has asserted that she has valid defenses to the Trustee's avoidance claims and, even if such defenses failed, PG has very limited assets from which to pay any judgment the Trustee might obtain.

21. Counsel for PG and the Trustee engaged in discussions and arm's-length negotiations that resulted in the settlement agreement attached hereto as **Exhibit B** (the "*PG Settlement Agreement*" and, collectively with the MG Settlement Agreement, the "*Settlement Agreements*")

22. Importantly, as set forth in Exhibit B, PG has agreed to cooperate with the Trustee in his continuing investigation of the Debtor's transactions.

23. Pursuant to the PG Settlement Agreement, PG will pay $10,000 (the "*PG Settlement Payment*") to the Estate in exchange for a release from the Trustee. The Estate will receive a release from PG that will include a release of any claim pursuant to Bankruptcy Code section 502(h) relating to the PG Settlement Payment. Like the MG Parties, PG has already paid her Settlement Payment, which the Trustee is holding pending approval of this Motion.

24. The Debtor's secured lenders (the "*Lenders*"), who pursuant to a court order comprise up to 85% of the creditor body, have consented to the Settlement Agreements.

### RELIEF REQUESTED

25. By this Motion, the Trustee respectfully requests that the Court enter the order approving the Settlement Agreements.

**LEGAL BASIS**

26. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Courts have held that in order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 BR 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

27. The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Liu v. Silverman (In re Liu)*, 1998 U.S. App. LEXIS 31698, at *3 (2d Cir. Dec. 18, 1998) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); *see also Masonic Hall & Asylum Fund v. Official Comm. Of Unsecured Creditors (In re Refco, Inc.)*, 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426; *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993) ("[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation"); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

28. In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

- the probability of success in the litigation;
- the difficulties associated with collection, if any;

- the complexity of the litigation, and the attendant expense, inconvenience, and delay; and

- the paramount interests of the creditors.

*In re Refco, Inc.*, 2006 U.S. Dist. LEXIS 85691 at *22; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

29. The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 505. The competency and experience of counsel supporting the settlement may also be considered. *Nellis*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

30. Because the MG Payments were made on account of expenses allegedly made by MG on the Debtor's behalf, an action by the Trustee to recover any of the MG Payments under sections 544 or 548 of the Bankruptcy Code could be subject to potentially complete affirmative defenses. Similarly, an action to recover the MG Payments made during 2016 under section 547 of the Bankruptcy Code could also be subject to potentially complete affirmative defenses, including the ordinary course of business and contemporaneous exchange for new value defenses. Taking these defenses into account as well as issues of collectability, recovery by the Trustee of the MG Payments is highly uncertain.

31. Additionally, because the salaries paid to TJ, MJ and PG allegedly benefited the Debtor, an action by the Trustee to recover any of the salaries under sections 544 or 548 of the Bankruptcy Code could be subject to potentially complete affirmative defenses. Similarly, an

{11780089:1}                                                7

action to recover earnings made during 2016 under section 547 of the Bankruptcy Code could also be subject to potentially complete affirmative defenses, including the ordinary course of business and contemporaneous exchange for new value defenses. Taking these defenses into account as well as issues of collectability, recovery by the Trustee of the TJ Payments, MJ Payments and PG Payments is highly uncertain.

32. Further, the MG Parties and PG have asserted they have limited funds to pay any judgments that the Trustee may obtain through litigation.

33. Accordingly, and in consideration of the expenses in litigating such an action, the Settlement Agreements fall above the lowest point in the range of reasonableness. *See* Affidavit of Alan Nisselson in support of the Motion, attached hereto as **Exhibit C**.

34. As noted above, the vast majority of the unsecured creditor body, *i.e.*, the Lenders, have consented to the terms of the settlements.

35. The Settlement Agreements take into account the above considerations and the Trustee's business judgment.

36. The Settlement Agreements avoid the costs, delays and uncertainties of lengthy and contentious litigations, provide a tangible monetary recovery to the Estate and further benefit creditors with allowed claims.

## NOTICE AND NO PRIOR REQUEST

37. The Trustee has given notice of this Motion to (i) the U.S. Trustee's Office, (ii) Rachel Fleishman, Esq., Reid Collins & Tsai LLP, attorneys for ABN AMRO Capital USA, LLC, as agent for the Lenders, (iii) McManimon, Scotland & Baumann, LLC, attorneys for the MG Parties, (iv) Karina Pia Lucid, Esq., attorney for Patricia Gasek, (v) all creditors listed on the

{11780089:1}    8

Debtor's schedules or who filed proofs of claim, and (vi) all entities having filed a notice of appearance and demand for notice by the date of this Motion.

38.  The Trustee respectfully submits that such notice constitutes good and sufficient notice and that no other notice need be given.

39.  No previous motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

40.  In sum, the Trustee submits that each Settlement Agreement represents a fair and reasonable compromise that is well within the "range of reasonableness," confers a substantial benefit on the Estate and is far preferable to the uncertainty, costs and delay of litigation.

**WHEREFORE** the Trustee respectfully requests that the Court enter the Order substantially in the form attached as **Exhibit D** hereto, approving the Settlement Agreements.

Dated: New York, New York  
      February 10, 2020

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP  
*Attorneys for Alan Nisselson, Chapter Trustee*

By:  */s/ James Sullivan*  
     James Sullivan (jsullivan@windelsmarx.com)  
     156 West 56th Street  
     New York, New York 10019  
     Tel. (212) 237-1000 / Fax. (212) 262-1215