PELLIS LAW GROUP, LLP
37 North Broadway, Suite 1
Nyack, NY 10960
Office: +1 (845) 535-3939
Fax: +1 (845) 512-8664
Joseph L. Pellis II
Joseph E. Hopkins
*Counsel for Interested Party Commodities Origins Africa, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       :
                                                             :   Chapter 7
**TRANSMAR COMMODITY GROUP LTD.**,                           :
                                                             :   Case No. 16-13625 (JLG)
                                        Debtor.              :
------------------------------------------------------------ x

### AFFIDAVIT OF JOSEPH E. HOPKINS, ESQ. IN SUPPORT OF THE OBJECTION OF COMMODITIES ORIGINS AFRICA, LLC TO THE TRUSTEE'S MOTION PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER APPROVING SETTLEMENT AGREEMENTS WITH MORRISTOWN GROUP, L.L.C., TIMOTHY B. JOHNSON, MARY JOHNSON AND PATRICIA GASEK

I, Joseph E. Hopkins, Esq., being duly sworn, hereby declare pursuant to section 1746 of title 28 of the United States Code:

1. I am a Partner with the firm Pellis Law Group, LLP, attorneys for Interested Party Commodities Origins Africa, LLC ("Commodities") in this matter.

2. I am familiar with the facts, pleadings and proceedings addressed in Commodities' objection to the motion of the Transmar Trustee to approve a settlement with Morristown Group, LLC and submit this affidavit in support of Commodities' objection.

3. Attached as Exhibit A is a true and accurate copy of the complaint filed by Commodities on April 23, 2018.

4. Attached as Exhibit B are true and correct copies of Justice Sherwood's May 17, 2019, Order and the transcript of the oral argument heard on April 30, 2019.

5. Attached as Exhibit C is a true and correct copy of the Notice of Entry of Judgment that was entered on December 5, 2019.

6. Attached as Exhibit D is a true and correct copy of the Rensselaer County Clerk's receipt, dated December 18, 2019.

7. Attached as Exhibit E is a true and correct copy of the judgment docketing confirmation dated January 27, 2020 from the New Jersey Clerk of the Superior Court.

8. Attached as Exhibit F is a table reflecting the information subpoenas served by Commodities to date.

9. Attached as Exhibit G is a true and accurate copy of the Joint Motion of Alan Nisselson, Chapter 7 Trustee for Transmar Commodity Group Ltd., and Cocoa Services, L.L.C. and Morgan Drive Associates, L.L.C., Post-Confirmation Debtors, for Approval of a Stipulation Extending Time to Object to Claims of Morristown Group LLC against Post-Confirmation Debtors and Authorizing Transmar Trustee to Hold and Distribute Funds Pending Resolution of Claim and for Related Relief, dated March 15, 2019 together with proposed Stipulation and Court Order dated April 17, 2019 approving Stipulation.

10. Attached as Exhibit H is a true and accurate copy of the Final Decree and Order (I) Closing Chapter 11 Cases; and (II) Terminating Engagement of Claims and Noticing Agent, entered on June 5, 2019.

11. Attached as Exhibit I is a true and accurate copy of the draft Notice of Property Execution that Commodities is ready to deliver to the New York City Sheriff (without accompanying exhibits in the interest of brevity).

12. Attached as Exhibit J is a true and accurate copy of the December 6, 2019, email from Sari Placona, Esq., counsel for Morristown Group, confirming her receipt of Commodities' entered judgment.

13. My partner Joseph L. Pellis II, Esq. and I contacted the Trustee's counsel, James M. Sullivan, Esq., to identify Commodities' judgment against Morristown Group and Commodities' interest in Morristown Group's assets, including the settlement funds being held by the Trustee. We first spoke with Mr. Sullivan by telephone on Friday, February 14, 2020. In subsequent telephone conversations with Mr. Sullivan on Tuesday, February 18, 2020, and Friday, February 21, 2020, we proposed several different avenues of cooperation, including Commodities' willingness to negotiate a resolution of Commodities' claims to the Settlement Funds or a stay of the Trustee's motion while Commodities investigates Morristown Group's assets (which might obviate the need for Commodities' objection). The Trustee has rejected all such requests by Commodities.

14. On Friday, February 21, 2020, my partner Joseph L. Pellis II, Esq. and I spoke by telephone with Morristown Group's counsel, Sam Della Fera, Esq. In discussing the monies that had been sent to the Trustee to hold as part of settlement amount regarding the Trustee's proposed settlement with Morristown Group, I was advised that all of the funds that were sent to the Trustee came from Morristown Group.

*[Remainder of page left intentionally blank]*

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on March 2nd, 2020 in New City, New York.

_____
Joseph E. Hopkins, Esq.

Sworn to before me this 2nd day of March 2020.

_____
Notary Public

Janice Starr, Esq.
Notary Public - State of NY
Qualified in Rockland County
# 02ST6063568
Commission Expires 9-4-2021

4